J-S09039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN F. GARCIA | : | |
| | : | |
| Appellant | : | No. 1490 MDA 2017 |

Appeal from the Judgment of Sentence August 23, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0005668-2016

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 16, 2018**

Appellant, Christian F. Garcia, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his open guilty plea to two counts of aggravated assault and one count of possession of a firearm prohibited.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On December 2, 2016, Appellant fired shots near a vehicle with the intent to cause serious bodily injury to the occupants.  Appellant entered an open guilty plea on August 23, 2017, to two counts of aggravated assault and one count of possession of a firearm prohibited.  The court sentenced Appellant that same day to an aggregate term of seven to twenty years'

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 6105(a)(1), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

imprisonment. On August 30, 2017, Appellant timely filed a post-sentence motion to modify and reduce his sentence. The court denied relief on the following day. Appellant timely filed a notice of appeal on September 27, 2017. The court, on September 28, 2017, ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on October 17, 2017.

Appellant raises the following issues for our review:

> WHETHER APPELLANT'S SENTENCE OF SEVEN TO TWENTY YEARS TO BE SERVED CONCURRENTLY WITH TERMS OF SEVEN TO TWENTY YEARS AND FIVE TO TEN YEARS IN A STATE CORRECTIONAL INSTITUTION WAS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE, AND CONTRARY TO THE FUNDAMENTAL NORMS UNDERLYING THE SENTENCING CODE, GIVEN THE MITIGATING FACTORS PRESENTED BY COUNSEL?
>
> WHETHER APPELLANT'S SENTENCE OF SEVEN TO TWENTY YEARS TO BE SERVED CONCURRENTLY WITH TERMS OF SEVEN TO TWENTY YEARS AND FIVE TO TEN YEARS IN A STATE CORRECTIONAL INSTITUTION WAS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE, AND CONTRARY TO THE FUNDAMENTAL NORMS UNDERLYING THE SENTENCING CODE, WHERE THE COURT IMPOSED A SENTENCE BASED ON APPELLANT'S PAST CRIMINAL HISTORY WITHOUT ADDRESSING THE EFFORTS APPELLANT HAS MADE TO REHABILITATE HIMSELF?
>
> WHETHER [THE] SENTENCING COURT INAPPROPRIATELY SENTENCED APPELLANT TO THE MAXIMUM SENTENCE WITHOUT PLACING ADEQUATE REASONS ON THE RECORD?

(Appellant's Brief at 6).

Appellant argues the court failed to tailor the sentence to Appellant's unique situation and it did not consider mitigating factors. Appellant further

complains the court failed to consider the relevant criteria contained in the Sentencing Code, which resulted in a sentence that is inconsistent with the protection of the public, the gravity of the offense as it relates to the impact on the community, and Appellant's rehabilitative needs. Specifically, Appellant believed he was defending and protecting his girlfriend. Appellant claims his offense affected himself more than the community because now he will not be able to raise his five children, and Appellant has made efforts to rehabilitate himself from a history of drug abuse. Appellant contends the court did not place adequate reasons on the record to justify a sentence at the top of the enhanced sentence range. Appellant concludes this Court should vacate his judgment of sentence and remand this matter to the trial court with appropriate instructions. As presented, Appellant challenges the discretionary aspects of his sentence.[2] *See Commonwealth v. Lutes,* 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an

---

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his...sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Additionally, "[a]s a general rule, any issues not raised in a [Rule] 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting ***Commonwealth v. Lord***, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial

court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. An allegation that the sentencing court failed to consider certain mitigating factors, absent more, does not raise a substantial question for our review. *Commonwealth v. Rhoades*, 8 A.3d 912, 918-19 (Pa.Super. 2010), *appeal denied*, 611 Pa. 651, 25 A.3d 328 (2011), *cert. denied*, 565 U.S. 1263, 132 S.Ct. 1746, 182 L.Ed.2d 536 (2012).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an

error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Rodda, supra* at 214).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Id.* "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148,

125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

Here, Appellant failed to preserve his second and third issues because he did not include them in his post-sentence motion or Rule 1925(b) statement. Thus, Appellant's second and third issues are waived. **See Evans, supra**; **Castillo, supra**. Appellant properly preserved his first issue in a timely filed post-sentence motion, a Rule 1925(b) statement, and a Rule 2119(f) statement. Appellant's first issue, concerning the court's failure to consider certain mitigating factors, does not raise a substantial question for our review. **See Evans, supra**; **Rhoades, supra**.

Moreover, even if Appellant had properly preserved his challenges to the discretionary aspects of his sentence, we would affirm on the basis of the trial court opinion. (**See** Trial Court Opinion, filed October 31, 2017, at 2-4) (finding: court considered pre-sentence investigation ("PSI") report and nature of offenses when sentencing Appellant; given Appellant's prior record score and sentencing guidelines, standard range for aggravated assault with deadly weapon is seventy-eight to ninety months' imprisonment; court imposed sentence within standard range; court imposed all sentences concurrently; additionally, court stated reasons for sentence on record specifying that court took into account PSI report which detailed Appellant's extensive criminal record; court considered colloquies and information from counsel; court acknowledged Appellant's tough childhood, his educational certificates, and letter from Appellant's pastor; court explained its sentence

was relatively lenient under given circumstances; court reflected on Appellant's failure to reform despite numerous opportunities; court considered Appellant's actions were at least partially provoked; court did not impose manifestly unreasonable sentence). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2018

COMMONWEALTH OF PENNSYLVANIA    :   IN THE COURT OF COMMON PLEAS
                                    :   OF BERKS COUNTY, PENNSYLVANIA
           V.                      :   CRIMINAL DIVISION
                                      :   NO. CP-06-CR-0005668-2016

CHRISTIAN GARCIA,                 :
                   APPELLANT   :   PAUL M. YATRON, PRESIDENT JUDGE

---

1925(a) Opinion                                          October 31, 2017

## PROCEDURAL HISTORY

On August 23, 2017, Appellant entered an open plea to two counts of Aggravated Assault and one count of Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms. On the two charges of aggravated assault, the Court sentenced the Appellant to seven (7) years to twenty (20) years of incarceration. Additionally, for the count of Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms, Appellant was sentenced to five (5) to ten (10) years of incarceration. The periods of incarceration imposed for these three counts run concurrently. Following sentencing, by and through counsel, Appellant filed a post-sentence motion for the modification and reduction of sentence. We denied this motion on August 31, 2017. On September 27, 2017, Appellant filed a notice of appeal. The next day, we ordered a concise statement from Appellant. A concise statement was then filed on October 17, 2017.[1]

In his concise statement, Appellant raises the following matters for review:

1. The lower court abused its discretion in imposing sentences of eighty-four (84) to two hundred and forty (24) months incarceration for aggravated assault and five (5) to ten (10) years incarceration for person not to possess firearms, the sentence violates the standard norm of sentencing guidelines; because the lower court did not adequately consider those factors which would have mitigated against such an excessive sentence. The Sentencing Court failed to consider the intentions behind Appellant's actions and the efforts he has made since he was released from Berks County Jail in August of 2015.

CONCISE STATEMENT, October 17, 2017.

## DISCUSSION

---

[1] Appellant filed a pro se concise statement on October 18, 2017. Counsel, not appellant, is permitted to file in the Court when appellant is represented. *See Commonwealth v. Ellis*, 626 A.2d 1137 (Pa. 1993). Therefore, we do not consider this statement.

1



Appellant alleges that the Court abused its discretion in the sentence imposed on Appellant, because "[we] did not adequately consider those factors which would have mitigated against such an excessive sentence . . . [and] "failed to consider the intentions behind Appellant's actions and the efforts he has made since he was released from Berks County Jail in August of 2015." CONCISE STATEMENT at ¶ 1.

When reviewing an abuse of discretion claim, the appellate court must consider that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008). Abuse of discretion is more than an error in judgment; rather, the appellant must establish that the sentencing court either "ignored or misapplied the law[;] exercised its judgment for reasons of partiality, prejudice, bias or ill will[;] or arrived at a manifestly unreasonable decision." *Id.* A sentence should not be disturbed when it is evident that the sentencing court was aware of the sentencing considerations and weighed the considerations in a meaningful fashion. *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988).

Additionally, a court has broad discretion in sentencing, but is restrained in that it must consider the sentencing guidelines. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1117 (Pa. 2007). The sentencing guidelines provide that a court shall consider:

> . . . [T]he protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation).

42 *Pa.C.S.* § 9721.

"The only line that a sentence may not cross is the statutory maximum sentence." *See Yuhasz*, 923 A.2d at 1119. Moreover, when the trial court has the benefit of a presentence investigation report it is presumed to have considered all relevant information. *Commonwealth v. Boyer*, 856 A.2d 149, 1541 (Pa. Super. 2004).

Instantly, the Court considered the Appellant presentence investigation and the nature of the offenses. Considering Appellant's prior record score and the guidelines, a standard range sentence for a count of aggravated assault, with a deadly weapon enhancement, is 78 to 90 months of incarceration. At Count 1: Aggravated Assault, Appellant was sentenced to term of

2

incarceration lasting 84 to 240 months. This sentence was within the guidelines and all other sentences ran concurrently and did not exceed this range.

Additionally, as is our practice, we stated our rationale for the sentence imposed:

I have taken into account many things. I have reviewed the PSI. And I have to say it is nothing short of astonishing the number of second chances this defendant has been given. I mean, the PSI shows offenses in 2001, 2003, 2005, 2007, 2008, 2011. And the years that don't seem to show offenses appear to be years where the defendant was in prison. It is nothing short of astonishing to me that he appears to have learned nothing after he was paroled on his most recent sentence, which was sometime, I believe, in 2011. Yes, late 2011.

I've taken into account the colloquies here; and I've taken into account the information provided by counsel. Although, I have to observe that much of that was multiple levels of hearsay because none of these persons appeared here to testify. Now, insofar as the scenario that is painted by the defense here, I have no way of determining whether the factual minutia, you know, would bear this out. I don't know.

I'm giving you credit for the fact that at least some of these things happened and there were those kinds of provocations. But one of the questions that one has to ask oneself is what on earth were you doing with a gun to begin with. You were absolutely barred from possessing a firearm.

And you, apparently, had one right at hand when the -- when you perceived to be the need arose. The fact that you fired the gun, you know, at these people, again, this doesn't -- this doesn't bode well for showing you've been rehabilitated in any way. I credit that you had a tough life. You had a tough childhood. I understand that.

But there's a lot of people that had tough childhoods that don't do these kinds of things. You know, you're still a relatively young guy. And maybe you will turn yourself around. Although, I have to say, based on the record that's before me, if I were a betting man, I wouldn't lay any significant money on that fact. Only you can decide that. Now, there is a huge number of very serious charges here. And I'm going to impose sentence now. And, quite frankly, I believe this to be a lenient sentence under all of these facts and all of these players. I'm sure that you will not agree. But, objectively speaking, when you look at the number of first degree felonies that we're talking about here, I believe that the sentence is more than fair and takes into account the difficulties that have been laid out with respect to the defendant. I've also, of course, taken into account the educational certificates from Berks County Prison and the letter from the Pastor Charles.

SENTENCING TRANSCRIPT, August 23, 2017.

Analyzing our statements, it is clear that the Court considered the nature of the entire proceedings. First, having the benefit of a Pre-Sentence Investigation, the Court reflected upon Appellant's prior record and his prior failures to reform. Second, the Court examined the

3

circumstances of the offense. Appellant pled guilty two first degree felonies. Third, we considered that Appellant's actions were at least partially provoked. However, this did not fully excuse the fact he discharged a firearm, since he is "absolutely barred from possessing a firearm." Fourth, we considered Appellant's rough childhood and the effects this may have had upon him. Finally, we examined the import of his educational certificates from Berks County Prison and the letter from the Pastor Charles.

Considering these factors and our observations throughout the proceedings we did abuse our discretion as the sentenced imposed was not manifestly unreasonable. Additionally, the sentence imposed was within the guidelines and we fully considered Appellant's circumstances and the nature of the offenses.

## CONCLUSION

For all of the foregoing reasons, this Court respectfully requests that the instant appeal be DENIED.

4